## HALLETT PONTIAC, INC. v. HARPER
### Case No. 84.027 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
December 26, 1984

### APPEARANCES OF COUNSEL

**James D. Adams, Quinton, Lummus, Dunwody & Adams, P.A.,** for appellant.

**Ramona Harper,** pro se.

Before BARAD, KAYE, and GOLDMAN, JJ.

### OPINION OF THE COURT

GOLDMAN, J.

This is an appeal from a final judgment entered in favor of the Plaintiff above after a non-jury trial. We reverse.

A statement of claim was filed by the Plaintiff, in pro per, on January 23, 1984 and service obtained upon the Defendant on the same day. Attached to the statement of claim was a notice of pretrial hearing. This notice scheduled a pretrial hearing for February 3, 1984,

some 10 days after the claim was filed. The notice contained, in bold, black, capital letters, the following admonition:

"THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES."

The pretrial conference was held at 8:45 a.m. on February 3, 1984. Defendant appeared through its attorney, who was advised that the trial was to be held at 12:30 p.m. that very day.

Despite oral and written objections, the trial was in fact held and judgment entered in favor of the plaintiff. This appeal ensued.

The plaintiff, a Dade County resident, had obtained employment in Washington, D.C. and was leaving for her new job on February 3, 1984. The trial judge was very concerned that plaintiff would have to return to Miami if the rules were followed.[1]

While the concern of the trial judge was admirable, his actions were not. Florida Rules of Summary Procedure 7.090(c) specifically provides: "At least 15 days notice of the time of trial shall be given whether the time of trial is scheduled on the appearance date or thereafter."

The trial judge, despite the objections and protestations of the defendant, simply ignored the rule. The error, however, is greater than merely a violation of the rules governing the Court's procedure. The defendant was denied basic due process of law. *Barreiro v. Barreiro*, 377 So.2d 999 (Fla. 3rd DCA 1979); *Levitt v. Levitt*, 9 FLW 1841 (Fla. 2d DCA 1984).

Defendant was not given a reasonable time to prepare its defenses, to subpoena witnesses or to so much as investigate the claim made against it. Such rights are guaranteed, not only by due process, but by fundamental fairness.

The trial judge, in an honest attempt to avoid plaintiff's incurring additional expense, has caused plaintiff to incur far greater expense than she should have had the rules been followed.[2]

The judgment is reversed and remanded to the trial court for a new trial upon proper notice.

---

[1] In the transcript the Court stated: "I think it would be unfair for this young lady to come all the way back from Washington on this particular claim and to inconvenience her to lose time frm work."

[2] Plaintiff traveled to Miami to participate in oral argument and now will be required to return again for a new trial of her claim.